Docket No. 105928.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JENNA
M. CHRISTOPHERSON, Appellant.

*Opinion filed November 20, 2008.*

JUSTICE THOMAS delivered the judgment of the court, with
opinion.
Chief Justice Fitzgerald and Justices Freeman, Kilbride, Garman,
Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

At issue is whether minors may be charged with delivery of
alcoholic liquor to a minor (235 ILCS 5/6–16(a)(iii) (West 2006)).
We hold that they may.

## BACKGROUND

The State charged defendant, Jenna M. Christopherson, with
unlawful delivery of alcoholic liquor to a minor (235 ILCS
5/6–16(a)(iii) (West 2006)). The information alleged that defendant
provided a 30-pack of Icehouse beer and two cases of Bud Light
beer to Jamie L. Smith, a person under the age of 21. Smith died in
a one-car accident after drinking some of the beer allegedly
provided by defendant.

Defendant moved to dismiss the information, arguing that the statutory subpart under which she was charged was not intended to apply to minors. That provision, section 6–16(a)(iii) of the Liquor Control Act of 1934 (the Act) (235 ILCS 5/6–16(a)(iii) (West 1996)), reads as follows:

"No person, after purchasing or otherwise obtaining alcoholic liquor, shall sell, give, or deliver such alcoholic liquor to another person under the age of 21 years, except in the performance of a religious ceremony or service." 235 ILCS 5/6–16(a)(iii) (West 2006).

The offense is a Class A misdemeanor, but it may be charged as a Class 4 felony if a death occurs as a result of the violation.[1] 235 ILCS 5/6–16(a) (West 2006).

Defendant moved to dismiss the information, arguing that the legislature did not intend for section 6–16(a)(iii) to apply to minors. Defendant acknowledged that, as a human being, she would qualify as a "person" under the statute, but contended that the legislative history indicated that the provision was meant to apply only to adults. In support, however, defendant cited not to legislative history from when section 6–16(a)(iii) was enacted, but to a single comment by a state representative when the statute was amended to include the felony sentencing provision. In response, the State argued that, because the statutory language was clear and unambiguous, it was not appropriate to consult the legislative history. Moreover, the State pointed out that the comment from the legislative debates cited by defendant merely related to the enhanced penalty that was added in 2002 and said nothing with respect to the intent of the legislature when it enacted the statute many years earlier. The circuit court agreed with defendant and dismissed the charge. The court found the provision ambiguous and then stated that it believed that the evil the legislature was addressing in this section was adults providing alcohol to minors.

---

[1]Here, although the record indicates that a death occurred as a result of the alleged violation, the State charged the offense as a Class A misdemeanor.

The State appealed, and the appellate court reversed. 377 Ill. App. 3d 752. The appellate court concluded that the commonly understood meaning of "person" is "an individual human being," and that the reference in section 6–16(a)(iii) to "no person" would encompass juveniles. 377 Ill. App. 3d at 754. Moreover, the legislature used age limitations elsewhere in section 6–16 when it wished to restrict the meaning of the word "person." Because the statute was unambiguous, the court explained that it was forbidden from consulting the legislative history.[2] 377 Ill. App. 3d at 758. The appellate court also rejected defendant's argument that this was an appropriate situation in which to ignore the plain language of the statute. Defendant relied on cases such as *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 73 L. Ed. 2d 973, 102 S. Ct. 3245 (1982), and *Church of the Holy Trinity v. United States*, 143 U.S. 457, 36 L. Ed. 226, 12 S. Ct. 511 (1892), for the proposition that situations may sometimes exist when it is necessary to apply an interpretation other than that seemingly dictated by a statute's plain language. The appellate court examined these cases and found them distinguishable. 377 Ill. App. 3d at 756-57. The appellate court agreed with defendant's argument that the law treats adults and minors differently in a variety of contexts, but pointed out that in the examples relied on by defendant, the legislature did so explicitly. 377 Ill. App. 3d at 759-60. Finally, the appellate court held that, contrary to defendant's argument, it was not relevant that Illinois does not extend tort liability to adults who act as social hosts and furnish alcohol to minors. The appellate court found this issue wholly irrelevant to the issue before it. 377 Ill. App. 3d at 760. We allowed defendant's petition for leave to appeal. 210 Ill. 2d R. 315.

ANALYSIS

---

[2]After so concluding, the appellate court went on to consider the legislative history that defendant relied on and determined that it did not support defendant's argument that section 6–16(a)(iii) was not intended to apply to juveniles. The court explained, however, that it was not, in fact, considering the legislative history. It was merely setting forth what it would have concluded if it had considered the legislative history.

Defendant argues that the appellate court erred in holding that section 6–16(a)(iii) may be applied to minors. Before addressing this issue, we must clarify precisely what defendant is arguing because her argument is more narrowly focused than in the appellate court. Defendant contends that, when section 6–16 is read in its entirety, it is clear that the entire section is directed only at those people who are authorized to possess liquor. Thus, section 6–16(a)(iii) cannot be applied to minors. Defendant contends that, if read in isolation, section 6–16(a)(iii) could be read as applying to both adults and minors, but when read in the context of the statute as a whole, it is clear that it applies to adults only. The State claims that defendant concedes that section 6–16(a)(iii) is not ambiguous. Defendant, however, clarified at oral argument that her position is that an ambiguity is created when subsection (a)(iii) is considered in the context of section 6–16 as a whole. However, despite contending that there is an ambiguity in the statute, defendant has abandoned her argument that the legislative history supports her construction of the statute. Defendant further contends that, even when a subject appears to be within the plain language of a statute, it is sometimes necessary to ignore plain language to effectuate the legislature's true intent. Finally, defendant argues that it is significant that she could be prosecuted for a different Class A misdemeanor–possession of alcohol by a minor. See 235 ILCS 5/6–20 (West 2004). Defendant contends that this is further evidence that the legislature did not intend section 6–16(a)(iii) to apply to minors.[3]

---

[3]The State spends a significant portion of its brief arguing about the absurd results doctrine and explaining why applying section 6–16(a)(iii) to minors would not lead to absurd results. Defendant explained at oral argument, however, that she was not relying on the absurd-results doctrine, and, after reviewing defendant's brief, we agree with her that the State is responding to an argument that she did not make. The confusion might have arisen because of a quotation defendant used from *Church of the Holy Trinity*, where the Supreme Court stated that "frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, *or* of the circumstances surrounding its enactment, *or* of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable

Because this issue concerns the construction of a statute, it is a question of law, and our standard of review is *de novo*. *People v. Howard*, 228 Ill. 2d 428, 432 (2008). The principles guiding our review are familiar. The primary objective in construing a statute is to give effect to the legislature's intent, presuming the legislature did not intend to create absurd, inconvenient or unjust results. *In re Madison H.*, 215 Ill. 2d 364, 372 (2005). Accordingly, courts should consider the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it. *People v. Davis*, 199 Ill. 2d 130, 135 (2002). The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *People v. Jones*, 223 Ill. 2d 569, 581 (2006). When the statutory language is clear and unambiguous, it must be given effect without resort to other tools of interpretation. *Jones*, 223 Ill. 2d at 581.

We hold that the statutory language is clear and unambiguous and that we may not resort to statutory construction aides. Section 6–16(a)(iii) forbids any "person" from giving, selling, or delivering alcoholic liquor to a person under the age of 21. As the appellate court properly held, the plain and ordinary meaning of the term "person" is " 'an individual human being.' " See 377 Ill. App. 3d at 754, quoting Webster's Third New International Dictionary 1686 (1993). We believe that the legislature's intent in this section was to prohibit any person of any age from providing alcoholic liquor to a minor. When considering the entirety of section 6–16, it is clear that the legislature's intent in this section is keeping alcoholic liquor out of the hands of minors and intoxicated persons. In addition to the general prohibition against providing alcohol to minors in subsection (a)(iii), section 6–16 also contains provisions forbidding those who hold liquor licenses from providing alcohol to minors (235 ILCS 5/6–16(a)(i) (West 2006)) and forbidding

---

to believe that the legislator intended to include the particular act." (Emphases added.) *Church of the Holy Trinity*, 143 U.S. at 459, 36 L. Ed. at 228, 12 S. Ct. at 512. It is clear from reading defendant's brief that she is relying only on the "consideration of the whole language" clause from the above quotation, not the "absurd results" clause.

-5-

common carriers from delivering alcoholic liquor to persons under 21 (235 ILCS 5/6–16(a)(ii) (West 2006)). This section also prohibits the renting of hotel rooms with knowledge that the room will be used for consumption of alcohol by minors. 235 ILCS 5/6–16(d) (West 2006). Section 6–16 contains further prohibitions against the furnishing of fraudulent identification to minors and the use of fraudulent identifications by minors to obtain alcohol. 235 ILCS 5/6–16(a) (West 2006). Additionally, section 6–16 prohibits parents or guardians from using their homes to allow violations of the Act. 235 ILCS 5/6–16(a–1) (West 2006). Finally, section 6–16 prohibits any person from having alcoholic liquor on his person on school district property on days when children are present. 235 ILCS 5/6–16(e) (West 2006). Section 6–16 represents a comprehensive attempt by the legislature to keep alcohol out of the hands of minors. Construing section 6–16(a)(iii) to apply to all persons effectuates this intent. The tragic facts of this case indicate that the potential harm when alcohol reaches the hands of minors is no different when the alcohol is provided by another minor rather than by an adult. Because we construe the statute in this manner, we find irrelevant the cases defendant cites for the proposition that courts may sometimes depart from clear statutory language if necessary to effectuate the legislature's intent. No such departure is required here.

Moreover, we do not find that the context of section 6–16 as a whole creates an ambiguity in subsection (a)(iii). Defendant argues that because subsection (a)(i), which is directed at licensees (such as taverns, restaurants, and liquor stores), and subsection (a)(ii), which is directed at common carriers who transport alcoholic beverages, apply to those who are legally entitled to possess alcohol, then "person" in subsection (a)(iii) should be construed as referring to persons who are lawfully entitled to possess alcohol. We disagree. If anything, a consideration of the entire statute makes it even more clear that the legislature intended section 6–16(a)(iii) to apply to minors. First, defendant's suggestion that section 6–16 is directed only at those persons who are entitled to possess alcoholic liquor themselves is simply not true. One portion of section 6–16 is specifically directed at minors. Section 6–16(a) makes it a Class A misdemeanor for persons "under the Age of 21

-6-

years" to use false or fraudulent identification to obtain or to attempt to obtain alcoholic beverages. 235 ILCS 5/6–16(a) (West 2006). Thus, it is clear that section 6–16 regulates the conduct of both minors and adults. Further, the legislature uses age limitations throughout section 6–16 whenever it means to limit the meaning of the term "person." Section 6–16 is replete with such phrases as "at least 21 years of age," "under the age of 21 years," "under 21 years of age," "over the age of 21 years," and "less than 21 years of age." See 235 ILCS 5/6–16 (West 2006). The fact that no such limitation appears after the term "no person" in section 6–16(a)(iii) is further evidence that the legislature did not intend to exclude minors from its reach. Thus, far from creating an ambiguity, considering section 6–16(a)(iii) in the context of the entire statute confirms the lack of ambiguity.

Finally, defendant notes that her conduct falls within another statute. Section 6–20 of the Liquor Control Act makes it a Class A misdemeanor for a person under 21 to possess alcoholic liquor. 235 ILCS 5/6–20 (West 2006). Defendant makes two points with respect to this fact: (1) the State can still prosecute defendant for a Class A misdemeanor even if it accepts her argument in this case, and (2) the existence of another statute that would penalize her conduct equally provides further evidence that the General Assembly did not intend section 6–16(a)(iii) to apply to persons under 21, since they cannot lawfully possess alcohol themselves.

It is difficult to follow the logic of defendant's argument. First, there is nothing remarkable about the fact that the legislature would punish the distribution of an item that it also forbids possessing. As the State points out, three examples are controlled substances (see 720 ILCS 570/401, 402 (West 2006)), explosives (720 ILCS 5/24–1(a)(7)(iii) (West 2006)), and child pornography (720 ILCS 5/11–20.1 (West 2006)). Second, the penalty provisions are not the same. Defendant is correct that she was charged with only a Class A misdemeanor, but she could have been charged with a Class 4 felony because a person died as a result of the alleged unlawful delivery. 235 ILCS 5/6–16(a) (West 2006). The possessory offense does not have the enhanced felony provision. See 235 ILCS 5/6–20 (West 2006). Moreover, a violation of section 6–16(a)(iii) carries mandatory fines of not less than $500 for a first offense and not

less than $2,000 for any subsequent offense. 235 ILCS 5/6–16(a) (West 2006). By contrast, section 6–20 does not have a fine provision. See 235 ILCS 5/6–20 (West 2006). Third, as the State points out, it is not always true that a person who commits the delivery offense also commits the possession offense. Section 6–20 contains an exception for consumption of alcohol by a minor, under parental supervision and approval, in the privacy of the home. 235 ILCS 5/6–20 (West 2006). This exception does not appear in section 6–16(a)(iii). See 235 ILCS 5/6–16(a)(iii) (West 2006). In other words, a person under the age of 21 can lawfully consume alcohol in the home under parental supervision but would violate section 6–16(a)(iii) by providing that alcohol to underage friends. The existence of section 6–20 does not provide any support for defendant's argument.

## CONCLUSION

Section 6–16(a)(iii) unambiguously prohibits the delivery of alcohol to minors by all persons. Therefore, the appellate court correctly reversed the judgment of the circuit court, which improperly dismissed the charge against defendant on the basis that she is under 21, and remanded the cause for further proceedings.

*Affirmed.*