PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion. Justice McDade concurred in the judgment and opinion. Justice Schmidt dissented, with opinion. OPINION The respondent, S.B., was the subject of a juvenile petition alleging that he committed aggravated criminal sexual assault (720 ILCS 5/12—14(b)(i) (West 2004)) and aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(2)(i) (West 2004)). The circuit court found the respondent was not fit to stand trial. After a discharge hearing, the court dismissed the first count and found the respondent “not not guilty” on the second count. The court subsequently entered an order requiring the respondent to register as a sex offender. On appeal, the respondent argues, inter alia, that the registration requirements of the Sex Offender Registration Act (Registration Act) (730 ILCS 150/1 et seq. (West 2008)) do not apply to him because he was never adjudicated delinquent. We reverse. FACTS The juvenile petition filed in this case alleged that the respondent, born June 5, 1991, was delinquent based on an incident that occurred between June 1 and August 1, 2005. Count I alleged that the respondent committed aggravated criminal sexual assault (720 ILCS 5/12—14(b)(i) (West 2004)) in that he committed an act of sexual penetration with a victim under nine years of age by placing his finger inside her vagina. Count II alleged that the respondent committed aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(2)(i) (West 2004)) in that he touched the victim’s vagina with his hand. Eventually, the court found that the respondent was not fit to stand trial and that it was not substantially probable he would attain fitness within one year. On August 28, 2007, the circuit court conducted a discharge hearing pursuant to section 104—25 of the Code of Criminal Procedure of 1963 (725 ILCS 5/104—25 (West 2008)). At the close of the hearing, the court found the evidence insufficient to prove the respondent committed aggravated criminal sexual assault but sufficient to prove the respondent committed aggravated criminal sexual abuse. Accordingly, the court dismissed the aggravated criminal sexual assault count and found the respondent “not not guilty” of aggravated criminal sexual abuse. On December 31, 2009, the State filed a motion to compel the respondent to register as a sex offender pursuant to section 2(A)(1)(d) of the Registration Act (730 ILCS 150/2(A)(1)(d) (West 2008)). After a hearing, the circuit court granted the State’s motion and ordered the respondent to register as a sex offender. The respondent appealed. ANALYSIS On appeal, the respondent argues that the circuit court erred when it required him to register as a sex offender. The respondent contends, inter alia, that juveniles qualify as sex offenders under the Registration Act only if they have been adjudicated delinquent, as provided by section 2(A)(5). 730 ILCS 150/2(A)(5) (West 2008). This argument presents a question of statutory construction, which we review de novo. In re Estate of Dierkes, 191 Ill. 2d 326, 330 (2000). “The cardinal rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the legislature’s intent.” People v. Hanna, 207 Ill. 2d 486, 497 (2003). The best indicator of the legislature’s intent is the plain language of the statute itself. Hanna, 207 Ill. 2d at 497-98. In giving effect to the legislature’s intent through the plain language of a statute, we presume that the legislature did not intend absurd, inconvenient, or unjust results. People v. Christopherson, 231 Ill. 2d 449, 454 (2008); Hanna, 207 Ill. 2d at 498 (citing Church of the Holy Trinity v. United States, 143 U.S. 457, 459-60 (1892)). “Accordingly, courts should consider the statute in its entirety, keeping in mind the subject it addresses and the legislature’s apparent objective in enacting it.” Christopherson, 231 Ill. 2d at 454. Initially, we recognize that proceedings under the Juvenile Court Act of 1987 (705 ILCS 405/5—101 through 5—915 (West 2008)) differ from adult criminal proceedings. While proceedings brought under the Juvenile Court Act are not criminal in nature, certain procedures from the adult criminal system can apply. See generally People v. Taylor, 221 Ill. 2d 157, 166-67 (2006). Section 5—101(3) of the Juvenile Court Act specifically provides that, “[i]n all procedures under this Article, minors shall have all the procedural rights of adults in criminal proceedings, unless specifically precluded by laws that enhance the protection of such minors.” 705 ILCS 405/5—101(3) (West 2008). With this enhanced protection principle in mind, we now address the merits of the respondent’s argument. In relevant part, section 2 of the Registration Act provides: “(A) As used in this Article, ‘sex offender’ means any person who is: (1) charged pursuant to Illinois law *** with a sex offense set forth in subsection (B) of this Section or the attempt to commit an included sex offense, and: * * * (d) is the subject of a finding not resulting in an acquittal at a hearing conducted pursuant to Section 104 — 25(a) of the Code of Criminal Procedure of 1963 for the alleged commission or attempted commission of such offense; or *** (5) adjudicated a juvenile delinquent as the result of committing or attempting to commit an act which, if committed by an adult, would constitute any of the offenses specified in item (B), (C), or (C—5) of this Section ***.*** For purposes of this Section, ‘convicted’ shall have the same meaning as ‘adjudicated.’ ” 730 ILCS 150/2(A)(1)(d), (A)(5) (West 2008). The plain language of section 2 of the Registration Act indicates that the legislature intended to limit the circumstances under which a juvenile could qualify as a sex offender. The only reference to juveniles in section 2 is in subsection (A)(5). Section 2(A)(5) thus offers enhanced protection for juveniles in that only juveniles who have been adjudicated delinquent for specified offenses fit section 2’s definition of “sex offender.” See 705 ILCS 405/5—101(3) (West 2008). In addition to section 2(A)(5), the legislature’s intent to treat juveniles differently than adults in the Registration Act appears in section 3—5, entitled, “Application of Act to adjudicated juvenile delinquents.” 730 ILCS 150/3—5 (West 2008). In relevant part, section 3—5 provides: “(a) In all cases involving an adjudicated juvenile delinquent who meets the definition of a sex offender as set forth in paragraph (5) of subsection (A) of Section 2 of this Act, the court shall order the minor to register as a sex offender. (b) Once an adjudicated juvenile delinquent is ordered to register as a sex offender, the adjudicated juvenile delinquent shall be subject to the registration requirements set forth in Sections 3, 6, 6—5, 8, 8—5, and 10 for the term of his or her registration. (c) For a minor adjudicated delinquent for an offense which, if charged as an adult, would be a felony, no less than 5 years after registration ordered pursuant to subsection (a) of this Section, the minor may petition for the termination of the term of registration. For a minor adjudicated delinquent for an offense which, if charged as an adult, would be a misdemeanor, no less than 2 years after registration ordered pursuant to subsection (a) of this Section, the minor may petition for termination of the term of registration. (d) The court may upon a hearing on the petition for termination of registration, terminate registration if the court finds that the registrant poses no risk to the community by a preponderance of the evidence based upon the factors set forth in subsection (e).” 730 ILCS 150/3—5 (West 2008). Of paramount importance in this section is the procedure by which juveniles can petition the circuit court to terminate his or her sex offender registration. 730 ILCS 150/3—5(c) (West 2008). The Registration Act does not provide adults with the ability to petition the court to terminate sex offender registration. The clear import of section 3—5 is to afford juveniles enhanced protection under the Registration Act. See 705 ILCS 405/5—101(3) (West 2008). In light of these enhanced protections, the State’s argument that the respondent qualifies as a sex offender under section 2(A)(1)(d) is not consistent with the statutory scheme in the Registration Act as it relates to juveniles. The State’s argument ignores the remedial distinction between adults and juveniles contained in the Registration Act, in its entirety, that provides enhanced statutory protection for juveniles. The respondent’s status for the purposes of this case is a juvenile, not an adult. The importance of this distinction cannot be understated. While the State could have sought transfer of the case to the adult criminal system (see 705 ILCS 405/5—805(3) (West 2004) (allowing discretionary transfer of certain juvenile cases to adult criminal court if the minor is 13 years of age or older)), it chose not to do so. The case remained in the juvenile system and the respondent therefore retained his status as a juvenile. The State may not apply adult criminal system procedures to an individual with juvenile status under the Registration Act if doing so violates provisions intended to offer enhanced protection for juveniles. 705 ILCS 405/5—101(3) (West 2008). Our conclusion finds further support in the absurd and unjust results that arise if an individual with juvenile status is treated as an adult under the State’s literal reading of section 2(A)(1)(d). In this case, the result is a nondelinquent juvenile having fewer rights than a juvenile who was actually adjudicated delinquent in that the former has no ability to petition the circuit court to have his sex offender registration terminated pursuant to section 3—5(c). 730 ILCS 150/3—5(c) (West 2008). Similarly, a situation could arise, for example, in which a 16-year-old who engaged in consensual sexual contact with a 15-year-old could be accused of criminal sexual abuse (720 ILCS 5/12—15(b) (West 2008)) in a juvenile petition, found not fit to stand trial, found “not not guilty” in a discharge hearing, required to register as a sex offender under section 2(A)(1)(d), and left with no ability to petition the court to terminate sex offender registration. This result, as well as the result in this case, does not comport with the enhanced protection principle contained in section 5—101(3) of the Juvenile Court Act. 705 ILCS 405/5—101(3) (West 2008). Accordingly, under the circumstances as uniquely presented in this case, we hold that the court erred when it ordered the respondent to register as a sex offender. Our resolution of the statutory interpretation issue obviates the need to address the respondent’s remaining arguments on appeal. For the foregoing reasons, we reverse the judgment of the circuit court of Peoria County that required the respondent to register as a sex offender. Reversed.