'FRANK CANTWELL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa October 31, 1891.*

1. CHANGE OF VENUE—*admissibility of counter-affidavits.* An application of the defendant in a criminal case for a change of venue on account of the prejudice of one or more of the judges of the court in which the case is pending, which conforms to all the requirements of the statute, can not be defeated by counter-affidavits.

2. Where the petition for a change of venue in a criminal case, and the accompanying affidavits, comply with the statute, and the affidavits purport to be made by reputable persons, residents of the county, not of kin to the defendant, the right to a change of venue is absolute.

CANTWELL v. THE PEOPLE. 603

Brief for the Plaintiff in Error. Opinion of the Court.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. WING, STOUGH, CARTER & QUALEY, and Mr. E. MEERS, for the plaintiff in error:

It was error to deny the application for a change of venue. Our courts have uniformly held, in civil causes, that the proceeding was *ex parte*, and if the statute was complied with, that was the end of the matter, and all that remained for the trial court to do was to grant the change as asked; that the averments of the petition could not be attacked; that counter-affidavits would not be heard. *Woodhull* v. *Kelly*, 10 Bradw. 455; *Barrows* v. *People*, 11 Ill. 121; *Walsh* v. *Ray*, 38 id. 30; *Insurance Co.* v. *Mehlman*, 48 id. 313; *Insurance Co.* v. *Tolman*, 80 id. 106.

That counter-affidavits are not allowable under the law, unless expressly provided for by statute, is shown by the decisions in capital cases subsequent to the law of 1861. The law of 1861 did not embrace capital cases, and the courts repeatedly have held that petitions in these cases could not be controverted, thereby inferentially establishing that to warrant the controverting of an application for a change of venue statutory authority must exist therefor. *Perteet* v. *People*, 65 Ill. 230; *Rafferty* v. *People*, 66 id. 118; *Rafferty* v. *People*, 72 id. 37; *Freeleigh* v. *State*, 8 Mo. 606; *Carr* v. *State*, 2 Green, 353.

Mr. GEORGE HUNT, Attorney General, and Mr. EDWARD C. AKIN, State's Attorney, for the People.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

At the May term, 1890, of the circuit court of Will county, plaintiff in error and one James Diegnan were jointly indicted for the larceny of $35, the property of James Harris. The case was continued to the following September term, when

plaintiff in error was tried and convicted, his punishment being fixed at one year in the penitentiary. He prosecutes this writ of error and urges several grounds of reversal, especially that the court below erred in overruling his petition for a change of venue. That petition was based upon the alleged prejudice of Charles Blanchard and Dorrance Dibell, two of the judges of that circuit.

That plaintiff's petition and the affidavits thereto were in conformity with the requirements of the statute in such case, is not questioned, neither is it denied that it was accompanied by the affidavits of two other persons, each of which, on its face, conformed to paragraph 21, chapter 146, of the Revised Statutes. One of these affidavits was made by Frank Cullen. The prosecuting attorney filed a written resistance to the petition, and with it the affidavits of several citizens of said county to the effect that they knew said Cullen, were acquainted with his reputation, and that he was not a "reputable person," but on the contrary was a very disreputable citizen. To the filing of these affidavits an exception was properly taken. Judge Blanchard then heard the petition and counter-affidavits, and denied the change of venue, on the ground that said Frank Cullen was not a reputable person. To this ruling plaintiff in error also, by his counsel, duly excepted. The question is thus presented whether or not an application of the defendant in a criminal case for a change of venue on account of the prejudice of one or more of the judges of the court in which the case is pending, which conforms to all the requirements of the statute, can be defeated by counter-affidavits.

We think it very clear that this question must be answered in the negative. The petition and accompanying affidavits complying with the statute, and such affidavits purporting to be made by reputable persons, residents of the county, not of kin to the defendant, etc., the right to a change of venue is absolute. The statute nowhere provides for the filing of counter-affidavits in such cases, as it does where the ground

for the change of venue is the alleged prejudice of the inhabitants of the county. It may be readily seen why such affidavits are allowed in the latter case but not in the former. In the one case, there being no objection to the impartiality of the judge, he can fairly pass upon the question as to the prejudice of the people on affidavits pro and con; but the question being, is the judge himself prejudiced, there is, from the defendant's standpoint, no impartial tribunal to weigh the evidence and determine that issue. It is doubtless true that a statutory right to a change of venue is liable to abuse, but that fact confers no power upon courts to limit or qualify the right. An application for change of venue in this State is always *ex parte*, unless otherwise provided by the statute. This proposition is supported by *Perteet* v. *People*, 65 Ill. 230, *Rafferty* v. *People*, 66 id. 118, and 72 id. 37. The point here in controversy is more directly decided in *Freeleigh* v. *State*, 8 Mo. 606, and *Cass* v. *State*, 2 Green, 353.

The circuit court erred in allowing the counter-affidavits to be filed, and on them overruling the petition for a change of venue, for which error its judgment must be reversed.

It is also insisted that under the facts proved plaintiff in error could, at most, only be convicted of obtaining money under false pretenses. This position is not tenable.

As the other errors complained of, if conceded to exist, are avoided by this reversal, no special notice of them is necessary.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

MAGRUDER, C. J.: I do not concur.