(No. 13999.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SANFORD ROSENBAUM, Plaintiff in Error.

*Opinion filed October 22, 1921.*

1. CRIMINAL LAW—*change of venue must be allowed if statute is complied with.* In a criminal case the right to a change of venue from the trial judge on compliance with the statute is absolute, and it is prejudicial error for the court to deny the petition.

2. SAME—*defendant charged with forgery cannot be permitted to demonstrate his handwriting to the jury.* Handwriting can be compared by the jury in the trial of a civil or criminal case only in the mode pointed out by the statute, and a defendant who is being tried for forgery cannot be allowed to sign the forged name before the jury for the purpose of demonstrating that the forgery is not in his handwriting.

3. SAME—*what testimony in a forgery case is a mere conclusion.* In a prosecution for forgery, a witness who did not see the forged name indorsed on the instrument or see the forged instrument passed cannot be allowed to testify that the defendant did not forge the instrument and that he knew of his own knowledge who it was that passed it, as such testimony is a mere conclusion.

4. SAME—*when defendant must make his offers of proof out of hearing of jury.* Where the court has definitely ruled that a certain line of evidence offered by the defendant is incompetent, and states to counsel, in substance, that he will not allow it to go to the jury or be offered in the presence of the jury, the defendant is thereafter entitled to make further offers of such proof only out of the hearing of the jury and for the purpose of having the ruling fully understood by a reviewing court.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

FRANK A. McDONNELL, (THOMAS E. SWANSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Sanford Rosenbaum, plaintiff in error, was convicted in the criminal court of the county of Cook on an indictment for forgery and sentenced to the State penitentiary at Joliet. He prosecutes this writ of error to reverse the judgment.

It will only be necessary to consider two errors assigned by plaintiff in error: (1) That the court erred in denying him a change of venue; and (2) in excluding offers of competent evidence made in his behalf.

Plaintiff in error's petition for a change of venue was based on alleged prejudice of the trial judge. His sworn petition for a change of venue is in substantial compliance with the statute and was accompanied by two affidavits of reputable persons, residents of the county of Cook and not of kin to or counsel for plaintiff in error, stating that they verily believed that plaintiff in error could not receive a fair and impartial trial before the trial judge, Judge Jesse Holdom, on account of his prejudice against plaintiff in error. Due and timely notice was given to the State's attorney that plaintiff in error would present such a petition asking for a change of venue, and the petition was presented in apt time. The right to a change of venue from the trial judge in a criminal case on compliance with the statute is absolute, and it was reversible error for the court to overrule the motion. *People* v. *Cohen,* 268 Ill. 416; *Cantwell* v. *People,* 138 id. 602.

For the purpose of having the jury make a comparison of plaintiff in error's handwriting with that of the alleged forged signature indorsed on the back of the forged instrument by him, plaintiff in error offered to write on a piece of paper the name Philip R. Bloom, being the same name indorsed on the forged instrument and alleged to have been forged by him. The court refused this offer and refused to allow plaintiff in error's counsel to have plaintiff in error write said name for comparison by the jury. The court did

not commit error in such ruling. To have granted such request and to have permitted such evidence to go to the jury would amount to nothing more than giving the plaintiff in error an opportunity to fabricate evidence for himself by changing the style and character of his handwriting so as to deceive the jury. Handwriting can be compared by the jury in the trial of a civil or criminal case only in the mode pointed out by the statute.

Plaintiff in error also offered to prove by a witness who had positively stated, in substance, that he did not see the forged name indorsed on the forged instrument or see the forged instrument passed, that plaintiff in error did not forge the instrument and that he knew of his own knowledge who it was that passed it. The court ruled, in substance, that the witness could not give his mere opinion about those matters but that if he knew anything about the facts he could testify as to such facts. The State's attorney objected to further offers of plaintiff in error of this character in the presence and hearing of the jury. The court did not err either in refusing such testimony or in refusing to allow plaintiff in error's counsel to make further offers of like testimony in the hearing of the jury. It was not competent for the witness to state his mere conclusion or opinion that plaintiff in error did not write the forged signature or pass the forged instrument in the absence of personal knowledge of those facts. Where the court has definitely ruled that a certain line of evidence is incompetent, and states to counsel, in substance, that he will not allow it to go to the jury or be offered in the presence of the jury, the defendant is then only entitled to make further offers of such proof out of the hearing of the jury, for the purpose of having the ruling of the court fully understood and reviewed by the reviewing court. It is the duty of the court not to allow offers of proof in the hearing of the jury when he believes such proof is incompetent and likely to prejudice the jury. If the trial court is found in

error in his judgment that the proof is incompetent, all rights of the defendant are fully preserved by a proper showing in the record.

For the error indicated the judgment of the criminal court is reversed and the cause remanded.

*Reversed and remanded.*