THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD A. BRIM, Defendant-Appellant.

Fourth District   No. 4—92—0297

Opinion filed February 11, 1993.

Richard A. Brim, of Lincoln, appellant *pro se.*

No brief filed for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Richard Brim, appeals from the Cass County circuit court's dismissal of his post-conviction petition filed pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1991, ch. 38, pars. 122—1 through 122—8). He argues: (1) the trial judge abused his discretion by refusing to appoint new post-conviction counsel because appointed counsel had a conflict of interest; (2) his due process protections were violated by the trial judge's denial of his request for a new judge to consider his post-conviction claims; and (3) because the constitutional claims he alleged presented the "gist" of a constitutional violation he should have been granted a full hearing. Defendant's request for a substitution of judge should have been considered by a judge not named in the motion. We reverse.

## I. FACTS

On October 24, 1990, defendant entered a negotiated guilty plea to one count of unlawful use of weapons by a felon (Ill. Rev. Stat. 1991, ch. 38, par. 24—1.1) and unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, par. 56½, par. 1401). As part of the plea agreement, defendant was sentenced to a five-year term of imprisonment for the weapons violation and a concurrent 12-year term for the controlled substance violation.

In November 1990, defendant filed a motion to vacate his guilty plea. In December 1990, he sought to amend that motion. Both the original and amended motions were based upon an alleged involuntariness of his guilty plea. The trial judge appointed a public defender to represent defendant at this hearing.

In January 1991, defendant filed a motion to dismiss the original request his guilty plea be vacated. Thereafter, defendant was returned

for a hearing in open court where he again sought dismissal of his motion and amended motion to vacate his guilty plea.

In June 1991, defendant filed his petition for post-conviction relief alleging his plea had been involuntary because he had not been admonished he would receive a period of mandatory supervised release in addition to his negotiated sentence. He also alleged ineffective assistance of counsel by various attorneys whom he had retained during the earlier proceedings for their alleged failure to (1) challenge the search and seizure which led to charges against defendant and (2) to investigate or interview witnesses. Defendant finally alleged one of his attorneys had a conflict of interest because he was also representing a codefendant who had made incriminating statements against defendant.

Defendant also filed a motion for substitution of judge to consider his post-conviction petition, and sought counsel other than the public defender to represent him in these later proceedings. These requests were denied.

The trial judge dismissed as patently without merit (see Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a)(2)) all of defendant's allegations except the ineffective assistance claim based on counsel's failure to challenge the search and seizure or interview relevant witnesses. The judge concluded defendant had a right to a hearing on these issues.

Defendant's motion to reconsider the trial judge's ruling was denied. The trial judge again appointed the previously appointed public defender to represent defendant on the remaining issues. Following a hearing on the State's motion to dismiss the remaining post-conviction allegations, the trial judge dismissed the additional claims.

## II. ANALYSIS

### A. *State's Failure to File Brief*

■ The State has filed no brief on appeal. Courts of review no longer reverse an appeal *pro forma* for failure of the appellee to file a brief. Instead, they review the merits of the arguments if the record is simple and the alleged errors can be easily decided. When the issues cannot be easily evaluated, a court of review should not act as an advocate and search the record to sustain the trial court's ruling. A court of review should reverse when defendant's brief demonstrates *prima facie* evidence of reversible error and the record supports the allegations. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495; *People v. Logan* (1976), 39 Ill. App. 3d 656, 659, 350 N.E.2d 40, 42.

We will not rule on the *merits* of defendant's post-conviction petition claims because the record is not simple and the alleged errors cannot be easily decided without an advocate presenting the State's view. However, defendant's brief and the record present *prima facie* evidence of error by the trial judge in ruling on defendant's motion for substitution of judge.

## B. *Ruling on Different Judge*

Defendant argues the trial judge erred by failing to determine whether a different judge should rule on his post-conviction petition. Defendant also contends a different judge should have been appointed to hear his post-conviction petition because threats made by that judge improperly induced him to plead guilty. Defendant's motion for substitution of judge included an allegation that before defendant entered his guilty plea, this trial judge had indicated if defendant proceeded to trial, the judge would impose a minimum 20-year sentence. This threat, according to defendant's motion, improperly induced him to plead guilty to agree to the negotiated pleas for which he would receive 5- and 12-year concurrent prison terms.

Defendant's affidavits attached to his motion stated that at a preliminary conference, at which defendant was not present, the trial judge informed defendant's attorney if defendant did not plead guilty defendant would be sentenced to at least 20 years. Defendant's attorney communicated these remarks to defendant. Defendant submitted an affidavit by Elizabeth G. Skaggs and an affidavit by defendant's son, both stating they heard defense counsel tell defendant about the trial judge's comments.

In denying defendant's request for a different judge to consider his post-conviction petition, the trial judge reasoned his testimony would not be required by defendant because only defense counsel spoke with defendant regarding the alleged comments at the pretrial conference. The judge also stated in his order the allegations of such a conversation were patently false.

There is no automatic right to a judge other than the trial judge for post-conviction proceedings. Moreover, the judge who made the initial determination should also hear these proceedings unless the defendant proffers facts to show that judge would be prejudiced. *People v. House* (1990), 202 Ill. App. 3d 893, 910, 560 N.E.2d 1224, 1235-36; *People v. Neal* (1984), 123 Ill. App. 3d 148, 152, 462 N.E.2d 814, 817.

Pursuant to section 114—5(d) of the Code of Criminal Procedure of 1963 (Code), a party seeking substitution of judge based on preju-

dice must allege such and provide affidavits. (Ill. Rev. Stat. 1991, ch. 38, par. 114—5(d); see *People ex rel. Baricevic v. Wharton* (1990), 136 Ill. 2d 423, 439, 556 N.E.2d 253, 260.) Defendant's affidavits sufficiently alleged the trial judge was prejudiced. The trial judge erred by concluding he could dismiss defendant's motion for substitution of judge because he was not a necessary witness to the allegations and because the allegations were untrue.

Irrespective of whether the trial judge would be a necessary witness to rule on defendant's allegations related to the conversation defendant allegedly had with his attorney, the trial judge against whom the motion is filed should not assess the truthfulness of the allegations. (See *Wharton*, 136 Ill. 2d at 431, 556 N.E.2d at 256.) Section 114—5(d) of the Code expressly provides a judge other than the one against whom the allegation is made should rule on the motion. (Ill. Rev. Stat. 1991, ch. 38, par. 114—5(d); see *People v. Edwards* (1982), 106 Ill. App. 3d 918, 923, 436 N.E.2d 727, 730-31.) If a motion for substitution of judge is improperly denied, all subsequent action by the trial judge is void. *People v. Banks* (1991), 213 Ill. App. 3d 205, 213, 571 N.E.2d 935, 940.

█ The trial judge abused his discretion by ruling on defendant's motion for substitution of judge when the motion sufficiently indicated the judge could be prejudiced and defendant's affidavits attached to the motion supported this allegation. We do not suggest the defendant's allegations of prejudice are true. We rule only that a different judge must hear defendant's allegations and decide whether the initial trial judge should be permitted to consider defendant's post-conviction proceedings. The trial judge's dismissal of defendant's post-conviction petition is void and must be reevaluated on remand.

### III. CONCLUSION

By failing to file an appellate brief, the State's Attorney in this case has not fully represented his constituency. We reverse because a different judge should have been assigned to evaluate defendant's allegations of prejudice.

Reversed and remanded.

LUND and GREEN, JJ., concur.