813 N.E.2d 1078 (2004)
351 Ill. App.3d 459
286 Ill.Dec. 385
The PEOPLE of the State of Illinois, Plaintiff-Appellant,
v.
David F. ROSINSKI, Theodore J. Rigas, Thomas J. Janozik, Anthony J. Gianfrancisco, Ivan Dukic, Brett A. Jensen, Defendants-Appellees.
Nos. 2-02-0835 to 2-02-0839, 2-02-1054.
Appellate Court of Illinois, Second District.
July 21, 2004.
Rehearing Denied August 18, 2004.
*1079 Joseph E. Birkett, Du Page County State's Attorney, Neal F. Thompson, Lisa Anne Hoffman, Assistant State's Attorneys, Wheaton, Martin P. Moltz, Deputy Director, State's Attorneys Appellate Prosecutor, Elgin, for the People in No. 2-02-0835.
Donald J. Ramsell, Ramsell & Armamentos, Wheaton, for David F. Rosinski.
Joseph E. Birkett, Du Page County State's Attorney, Wheaton, Martin P. Moltz, Deputy Director, State's Attorneys Appellate Prosecutor, Elgin, for the People in Nos. 2-02-0836, 2-02-0837, 2-02-0838 and, 2-02-0839.
Ramsell & Armamentos, Wheaton, for Theodore J. Rigas, Thomas J. Janozik, Anthony J. Gianfrancisco and Ivan Dukic.
Roger T. Russell, Boone County State's Attorney, Belvidere, Martin P. Moltz, Deputy Director, Lawrence M. Bauer, State's Attorneys Appellate Prosecutor, Elgin, for the People in No. 2-02-1054.
David R. Castegnaro, Rockford, for Brett A. Jensen.
Justice CALLUM delivered the opinion of the court:
These cases are consolidated for the purposes of appeal. Defendants, David F. Rosinski, Theodore J. Rigas, Thomas J. Janozik, Anthony J. Gianfrancisco, Ivan Dukic, who were all represented by the same attorney, and Brett A. Jensen, were arrested and charged with driving under the influence of alcohol (625 ILCS 5/11-501(a)(2) (West 1994)), after breath analyses indicated that they had unlawful breath-alcohol content. Each defendant filed a motion in limine to prohibit evidence of the breath testing instrument's reading, arguing that the breath testing instrument used in his case had not been tested by the Illinois Department of Public *1080 Health (IDPH), as required by an Illinois regulation, prior to being approved for use in the field. The instruments involved are the Intox EC/IR and the Intoximeter 3000. Relying on People v. Hanna, 332 Ill.App.3d 527, 265 Ill.Dec. 816, 773 N.E.2d 178 (2002) (Hanna I), rev'd, 207 Ill.2d 486, 279 Ill.Dec. 618, 800 N.E.2d 1201 (2003), the trial courts granted the motions. After filing certificates of impairment, the State appeals, arguing that because Hanna I was reversed by the supreme court in People v. Hanna, 207 Ill.2d 486, 279 Ill.Dec. 618, 800 N.E.2d 1201 (2003) (Hanna II), the motions granted under the appellate court's decision should also be reversed. This argument presents a question of law, and our review is de novo. In re Estate of K.E.S., 347 Ill.App.3d 452, 461, 283 Ill.Dec. 76, 807 N.E.2d 681 (2004). We reverse and remand.
Defendants' argument is premised on the regulatory scheme for breath testing instruments found in section 11-501.2 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-501.2 (West 1994)) and section 510.40 of title 77 of the Illinois Administrative Code (title 77) (77 Ill. Adm.Code § 510.40 (1996)). Section 11-501.2 of the Vehicle Code governs the admissibility of breath test results in prosecutions for driving under the influence of alcohol. Hanna II, 207 Ill.2d at 489-90, 279 Ill.Dec. 618, 800 N.E.2d 1201. When defendants were given their breath tests, section 11-501.2(a)(1) authorized IDPH to certify the accuracy of breath testing instruments used for evidentiary purposes and to prescribe regulations necessary for the certification process. See Hanna II, 207 Ill.2d at 490, 279 Ill.Dec. 618, 800 N.E.2d 1201. Section 11-501.2(a)(1) also provided that, to be "considered valid" at trial, breath-alcohol testing had to be performed according to the standards promulgated by IDPH. 625 ILCS 5/11-501.2(a)(1) (West 1994). The Hanna II court explained these standards:
"Before 2001, [IDPH] had in place a set of administrative regulations which governed the certification process for evidential breath analysis instruments. These regulations, set forth in section 510.40 of title 77 (77 Ill. Adm.Code § 510.40 (1996)), contained a number of requirements that had to be met before a particular make and model of breath testing equipment could be listed by [IDPH] as certified or approved for evidentiary purposes. See 77 Ill. Adm.Code § 510 app. B (2000) (listing approved devices). One of these requirements, found in subsection (c) of section 510.40, stated that evidential breath analysis instruments `will be tested and approved by [IDPH] in accordance with but not limited to the Standards for Devices to Measure Breath Alcohol promulgated by the National Highway Traffic Safety Administration' and found in certain federal regulations published in 1984 and 1993. 77 Ill. Adm.Code § 510.40(c) (1996)." Hanna II, 207 Ill.2d at 490, 279 Ill.Dec. 618, 800 N.E.2d 1201.
The cases in Hanna II are similar to the present appeals. The defendants in Hanna II moved to suppress breath test results, arguing that the breath testing instruments used to measure their breath-alcohol level were not properly tested by IDPH before IDPH placed the instruments on its list of approved evidentiary breath testing instruments. The Hanna II defendants alleged that, under National Highway Traffic Safety Administration (NHTSA) standards, a breath testing instrument had to be subjected to, among other things, an input power test, an ambient temperature test, and a vibrational stability test before the device could be approved by NHTSA for use as an evidentiary breath measurement device. Hanna *1081 II, 207 Ill.2d at 491, 279 Ill.Dec. 618, 800 N.E.2d 1201. They further alleged that IDPH did not perform these three tests on the devices used to conduct their breath tests. Therefore, the Hanna II defendants argued that the devices had not been tested "in accordance with" NHTSA standards as required by section 510.40(c) of title 77 and that the results of their breath tests could not be "considered valid" under section 11-501.2(a)(1) of the Vehicle Code.
In reversing Hanna I, the Hanna II court held that the defendants' breath test results were valid even though the breath testing instruments were not tested and maintained in accordance with NHTSA standards as required by IDPH regulation. Hanna II, 207 Ill.2d at 503, 279 Ill.Dec. 618, 800 N.E.2d 1201. Here, the parties dispute whether the resolution in Hanna II controls the specific facts of these appeals. This court is bound to follow the decisions of our supreme court. Schusse v. Pace Suburban Bus Division of the Regional Transportation Authority, 334 Ill.App.3d 960, 965, 268 Ill.Dec. 645, 779 N.E.2d 259 (2002). However, a judicial opinion must be read as applicable only to the facts involved and is authority only for what is actually decided. Prairie Eye Center, Ltd. v. Butler, 305 Ill.App.3d 442, 448, 239 Ill.Dec. 79, 713 N.E.2d 610 (1999). To determine the rationale for a decision, a court must ascertain what facts were considered material in the prior case and what legal proposition justified the decision. Panchinsin v. Enterprise Cos., 117 Ill.App.3d 441, 444, 72 Ill.Dec. 922, 453 N.E.2d 797 (1983).
The Hanna II court determined that the appellate court's interpretation of section 510.40(c) of title 77 produced absurd consequences. In reaching this conclusion, the court relied on the testimony of Larry D. Eztkorn from the hearing on the consolidated suppression motions. Hanna II, 207 Ill.2d at 491, 279 Ill.Dec. 618, 800 N.E.2d 1201. From 1992 until 2001, Eztkorn was the division chief for the alcohol and substance testing program at IDPH, where he oversaw the program that approved evidentiary breath testing instruments for use in Illinois. After the responsibility for testing breath instruments was transferred to the Illinois Department of State Police in 2001, Eztkorn became the technical director of that agency's breath-alcohol program. Hanna II, 207 Ill.2d at 491, 279 Ill.Dec. 618, 800 N.E.2d 1201. He drafted portions of the current version of section 510.40(c) of title 77 and explained that, in drafting that section, he did not intend for all the federal testing protocols to be duplicated by the state. Hanna II, 207 Ill.2d at 493, 279 Ill.Dec. 618, 800 N.E.2d 1201.
The Hanna II court found the following testimony particularly relevant:
"Eztkorn testified that the breath testing devices at issue were all kept in the stable environment of a police station and, thus, were not exposed to power fluctuations, vibrations, or temperature extremes. Because the devices were not exposed to these conditions, Eztkorn explained, it would not `make any sense' and was `not necessary in the state of Illinois' to perform a power input test, an ambient temperature test or a vibrational stability test on the breath analysis instruments. Further, according to Eztkorn, the Department did not have the equipment to conduct the tests." Hanna II, 207 Ill.2d at 500, 279 Ill.Dec. 618, 800 N.E.2d 1201.
Additionally, the court noted that Eztkorn was unquestionably qualified to testify on this issue and that his testimony was neither impeached nor contradicted. Hanna II, 207 Ill.2d at 500, 279 Ill.Dec. 618, 800 N.E.2d 1201. From this evidence, the Hanna II court concluded that the appellate *1082 court's interpretation of section 510.40(c) of title 77 ignored the "real-world activity" behind the regulation. Hanna II, 207 Ill.2d at 500, 279 Ill.Dec. 618, 800 N.E.2d 1201. The Hanna II court resolved that IDPH did not intend for the regulation to require IDPH "to perform irrelevant and unnecessary testing, for which it had no equipment and which, as a consequence, would prevent it from approving any breath testing device in Illinois." Hanna II, 207 Ill.2d at 501, 279 Ill.Dec. 618, 800 N.E.2d 1201.
As we previously stated, defendants argue that their cases are factually distinguishable from Hanna II. Briefly, the material fact that they contend distinguishes their cases is that they believe that Eztkorn was lying when he said that the three NHTSA tests were irrelevant in Illinois and that IDPH did not intend for those tests to be duplicated by the state. As proof, they argue that, in their cases, Eztkorn's testimony was contradicted by the testimony of Arthur Flores, a chemist for the United States Department of Transportation, who helped create NHTSA's testing protocols for breath testing instruments. We cannot agree that Flores' testimony creates a material fact that distinguishes Hanna II from the present appeals.
The Hanna II court held that, in drafting section 510.40(c) of title 77, IDPH did not intend for NHTSA's testing protocols for breath testing devices to be duplicated by IDPH before the device was certified and used in the field. Hanna II, 207 Ill.2d at 501, 279 Ill.Dec. 618, 800 N.E.2d 1201. This holding is a ruling on an issue of law that is binding on this court. "After our supreme court has declared the law with respect to an issue, this court must follow that law, as only the supreme court has authority to overrule or modify its own decisions." Mekertichian v. Mercedes-Benz U.S.A., L.L.C., 347 Ill.App.3d 828, 836, 283 Ill.Dec. 324, 807 N.E.2d 1165 (2004). We cannot redetermine a legal issue because a defendant supplies additional testimony. To distinguish Hanna II, defendants have to demonstrate that a material fact is different and that it makes that holding inapplicable. Panchinsin, 117 Ill.App.3d at 444, 72 Ill.Dec. 922, 453 N.E.2d 797.
Although defendants argue that, in their cases, Eztkorn admitted that the breath testing instruments were sometimes used at roadblocks as mobile devices, they do not claim that their breath tests were performed at roadblocks or that the particular breath testing instrument used for their tests had been used at roadblocks. Such a circumstance may be a material factual difference from Hanna II, but in these cases it did not occur.
Instead, defendants attempt to parcel Eztkorn's testimony and find factual discrepancies between his testimony in Hanna II, his present testimony, and Flores's testimony. However, the import of Eztkorn's testimony remains without contradiction. Eztkorn helped revise the regulation at issue. As a result, the Hanna II court relied on his testimony to construe the drafters' intent in crafting the regulation. On this point, Eztkorn testified that "it `was never [his] intent' when drafting the changes to section 510.40(c) to adopt all the federal testing standards." Hanna II, 207 Ill.2d at 493, 279 Ill.Dec. 618, 800 N.E.2d 1201. Flores did not and, as a chemist for the federal government, could not testify that IDPH had a different intent when drafting the regulation.
In the present appeals, the trial courts relied on the holding of Hanna I to grant defendants' motions in limine, suppressing the breath test results because the testing instruments were not properly tested before approved. The Hanna II *1083 court reversed Hanna I, holding that section 510.40(c) of title 77 did not require that IDPH duplicate NHTSA's tests. Hanna II, 207 Ill.2d at 501, 279 Ill.Dec. 618, 800 N.E.2d 1201. As a result, the trial courts' conclusion that defendants' breath tests were not admissible under section 11-501.2(a)(1) of the Vehicle Code cannot stand.
The judgments of the circuit courts of Du Page and Boone Counties are reversed and the causes are remanded for further proceedings.
Reversed and remanded.
O'MALLEY, P.J., and GROMETER, J., concur.