Docket No. 90282–Agenda 40–May 2001.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT D. JONES, Appellant.

Opinion filed September 20, 2001.

JUSTICE KILBRIDE delivered the opinion of the court:

This appeal arises from the second trial of defendant, Robert Jones, for the murder of Dr. Henry Dickerman. The State charged that defendant murdered Dr. Dickerman in August 1992. Following an initial jury trial and guilty verdict, defendant appealed, arguing that the trial court admitted statements made during plea negotiations that should have been excluded pursuant to Supreme Court Rule 402(f) (177 Ill. 2d R. 402(f)). The appellate court agreed and remanded for a new trial. 
People v. Jones
, 4–96–0855 (1998) (unpublished order under Supreme Court Rule 23).

On remand, the jury again found defendant guilty of first degree murder (720 ILCS 5/9–1 (West 2000)) and defendant appealed. With one justice dissenting, the appellate court affirmed. 315 Ill. App. 3d 500. Defendant now appeals to this court, arguing that (1) the trial court improperly ruled on a motion for substitution of judge; (2) the trial court failed to bar additional statements made during the course of plea negotiations; (3) the trial court erred by refusing to instruct the jury on involuntary manslaughter; (4) the State failed to prove a material element of the crime; (5) the trial court improperly allowed the State to amend the charges against him; and (6) his conviction should be overturned pursuant to 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We reverse and remand with respect to the first issue and therefore we need not address the others.

I. BACKGROUND

In July 1992, Dr. Dickerman hired defendant to repair and paint his house. Work on Dr. Dickerman’s house continued into August. On August 12, 1992, when Dr. Dickerman failed to attend his weekly bridge game, his friends went to his house to check on him. Dr. Dickerman was not home. His friends noticed nothing unusual in the house except that his car was missing from the garage. The next day, they returned with Dr. Dickerman’s cousin. Again, they searched the house to no avail. Police similarly searched the house and found no signs of forced entry or foul play.

Dr. Dickerman remained missing. Police eventually learned that several checks were missing from the doctor’s checkbook. An ensuing investigation indicated that defendant had deposited several checks against Dr. Dickerman’s account, including one for $4,200.

On September 5, 1992, hikers found Dr. Dickerman’s partially decomposed body at the bottom of a cliff in Missouri. Dr. Dickerman’s car was later located in St. Louis at the Lambert Airport’s long-term parking lot.

Investigators searched for defendant and finally located him in October 1992. During the course of their investigation, law enforcement officers interviewed defendant a number of times, including on October 6, 1992, July 12, 1993, July 27, 1994, August 3, 1994, August 15, 1994, and August 16, 1994.

Defendant was eventually charged with forgery. He pleaded guilty and was imprisoned. The investigation into Dr. Dickerman’s death continued.

In August 1994, the State charged defendant with murder. In August 1996, following an initial jury trial and guilty verdict, Judge Leo J. Zappa sentenced defendant to 85 years in prison. On appeal, defendant argued, 
inter alia
, that the trial court erred in admitting his August 15, 1994, statements into evidence because it was made during the course of plea negotiations and therefore violated Supreme Court Rule 402(f) (177 Ill. 2d R. 402(f)). Defendant’s August 15, 1994, statements stemmed from the July 27, 1994, interview, when defendant asked the detectives to inform the State’s Attorney that he would plead guilty to involuntary manslaughter in return for a 10-year sentence. When detectives returned to meet with defendant on August 15, 1994, they asked defendant to write out exactly what deal he would be willing to accept. Defendant wrote out a two-page statement setting forth the deal he would accept, and that statement was ultimately read into evidence at trial. Although the investigators told defendant they could not negotiate a guilty plea, they indicated that they would relay the information to the State’s Attorney’s office. The appellate court concluded that defendant’s two-page, handwritten, August 15, 1994, statement clearly demonstrated his willingness to plead guilty in exchange for concessions and was a plea-related statement inadmissible pursuant to Rule 402(f). 
People v. Jones
, No. 4–96–0855 (1998) (unpublished order under Supreme Court Rule 23). That decision is not at issue here.

On March 27, 1998, the State filed a notice of new trial before Judge Zappa. On March 30, 1998, defendant submitted a motion for automatic substitution of judge pursuant to section 114–5(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114–5(a) (West 1998)). Judge Zappa denied this motion as untimely. On April 8, 2001, defendant filed a motion for substitution for cause pursuant to section 114–5(d) of the Code (725 ILCS 5/114–5(d) (West 1998)), alleging in part that Judge Zappa displayed hostility toward him at the close of his initial trial. Rather than transferring defendant’s motion to another judge, Judge Zappa denied it as untimely.

Defendant also filed a motion to suppress, arguing that the July 27, 1994, and August 16, 1994, interviews were inadmissible pursuant to Supreme Court Rule 402(f). The trial court denied defendant’s motion, finding that defendant’s failure to challenge the July 27, 1994, and August 16, 1994, interviews during his first appeal precluded a subsequent challenge on remand.

In June 1998, a jury again convicted defendant of first degree murder. The trial court sentenced him to 85 years in prison. The appellate court affirmed. 315 Ill. App. 3d 500.

II. ANALYSIS

We first consider whether the trial court improperly ruled on a motion for substitution of judge for cause pursuant to section 114–5(d) of the Code (725 ILCS 5/114–5(d) (West 2000)), rather than allowing another judge to rule on the motion. Indeed, as noted previously, Judge Zappa presided over defendant’s first and second trials and was named in defendant’s motion for substitution. Judge Zappa refused to transfer defendant’s motion to another judge and denied it as untimely. We find that defendant’s motion was timely, and therefore the trial court erred in not transferring it to another judge.

Section 114–5(d) provides in pertinent part that a “defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion a hearing shall be conducted as soon as possible after its filing by a judge not named in the motion ***.” 725 ILCS 5/114–5(d) (West 2000). This court has repeatedly held that a motion for substitution pursuant to section 114–5(d) of the Code must be made at the earliest practical moment after discovery of any potential prejudice.
 People v. Taylor
, 101 Ill. 2d 508, 518 (1984); 
People v. King
, 54 Ill. 2d 291, 297 (1973); 
People v. Lawrence
, 29 Ill. 2d 426, 428 (1963); 
People v. Chambers
, 9 Ill. 2d 83, 89 (1956). The substitution statute should be liberally “construed to promote rather than to defeat an application for a change of venue, particularly where prejudice on the part of the judge is charged.” 
People v. Smith
, 28 Ill. 2d 445, 447 (1963).

Here, defendant filed his substitution motion before any substantive rulings had been made in his second trial. The State agreed that defendant was entitled to have his motion heard by another judge. Citing 
People v. Maxwell
, 272 Ill. App. 3d 57 (1995), and 
People v. Emerson
, 122 Ill. 2d 411 (1987), Judge Zappa disagreed and deemed defendant’s motion untimely. The appellate court affirmed with no analysis and without identifying the motion as one for cause, merely stating that “defendant did not have a right to automatic substitution of judge from the judge who presided at the first trial.” 315 Ill. App. 3d at 508.

In 
Maxwell
, the appellate court found that defendant filed his motion for substitution after the trial started and after the trial judge ruled on numerous substantive motions. The court therefore concluded that his motion was untimely and the trial judge was not required to schedule a hearing before a different judge. 
Maxwell
, 272 Ill. App. 3d at 60. We have similarly deemed motions for substitution untimely when they were made after the trial judge ruled on a number of substantive issues. See 
Taylor
, 101 Ill. 2d at 518. For the reasons that follow, we disagree with the trial court’s application of 
Maxwell 
to this case.

In 
Emerson
, defendant’s conviction was reversed on appeal. Emerson’s second trial was assigned to the same judge. Less than 10 days after remand from the appellate court, defendant filed a motion for automatic substitution pursuant to section 114–5(a) of the Code (Ill. Rev. Stat., 1986 Supp., ch. 38, par. 114–5(a), now 725 ILCS 5/114–5(a) (West 2000)). Emerson argued that the trial judge was prejudiced because he had been reversed on appeal. This court noted that a request for automatic substitution must be made before the trial judge rules on a substantive matter. 
Emerson
, 122 Ill. 2d at 424. For purposes of section 114–5(a)’s automatic substitution provision, we held that remand is considered a continuation of the original proceedings. Thus, substantive rulings made in Emerson’s first trial served as substantive rulings in his second trial and made a subsequent motion on remand for automatic substitution untimely. See 
Emerson
, 122 Ill. 2d at 424.

In the instant case, defendant based his motion in large part on “Judge Zappa[’s] display[ of] hostility toward defendant when he asserted *** that several detectives perjured themselves during trial and that the [S]tate had condoned their perjury.” Specifically, defendant points to a colloquy at his sentencing hearing when the trial judge stated as follows:

“And as far as your smack of [the assistant State’s Attorney] and the police officers, I’m outraged. Your rights are preserved by the Appellate Court. If you did not get a proper trial, the Appellate Court will be your safeguard and ensure that you are given another trial, but to sit here and say the police officers–it’s like an O.J. cover-up, everybody was here to get Robbie Jones and I think that’s basically how you led your life. Everybody does wrong except Robbie Jones.”

In denying defendant’s motion, the trial judge essentially focused on two facts: (1) he had issued substantive rulings in the first trial; and (2) defendant submitted his substitution motion during his second trial. The trial court then read 
Emerson
 and 
Maxwell
 together and concluded that the second trial was a continuation of the first. On that basis, the trial court ruled that defendant’s motion on remand was untimely because it came after substantive motions entered during his first trial.

We disagree with the trial court’s analysis for two reasons. First, we find that 
Emerson
 is not dispositive here. In that case, we considered whether defendant’s motion for automatic substitution under section 114–5(a) was timely. For purposes of the 
automatic substitution provision
, we held that substantive rulings in an initial trial effectively bar automatic substitution motions on remand. We made no ruling as to whether the same applies in a substitution for cause situation. We now hold that it does not.

We conclude that a substitution for cause motion is sufficiently different from an automatic substitution motion to warrant a different approach from that taken in 
Emerson
. As a practical matter, defendants often seek an automatic substitution in the hope that they may receive more lenient treatment from a different judge. 5 L. Pieczynski, Illinois Practice §19.80, at 612 (1989). In contrast, a defendant generally brings a successful substitution for cause motion only when he or she can prove actual prejudice. 5 L. Pieczynski, Illinois Practice §19.82, at 614 (1989). In a situation where a defendant alleges actual prejudice on the part of a judge, he or she invokes the right to a fair and impartial hearing, a fundamental tenet of our jurisprudence. Therefore, for purposes of section 114–5(d), a substantive ruling in an initial trial does not by itself preclude a defendant from filing a cause motion for substitution on remand.

The plain language of the substitution of judge provisions support our position that section 114–5(d)’s timing requirements are more flexible than those of section 114–5(a). For example, section 114–5(d) contains less restrictive language than section 114–5(a). In contrast to section 114–5(a)’s requirements, a substitution motion under section 114–5(d) does not have to be filed within 10 days of the trial judge’s call. That is not to say that a substitution for cause motion is an easy hurdle. Our legislature has placed a heavy burden on a defendant to justify a substitution for cause. For example, a substitution for cause petition must be supported by an affidavit. 725 ILCS 5/114–5(d) (West 2000). Allegations must also be specific and not conclusory in nature. 
People v. Hoga
, 109 Ill. App. 3d 258, 260 (1982). Nevertheless, the substitution for cause provision acts as a necessary fail-safe measure to preserve a defendant’s right to a fair trial in situations where a defendant can show a judge’s actual bias. Construing section 114–5(d) liberally to protect defendant’s right to a fair and impartial hearing (see 
Smith
, 28 Ill. 2d at 447), we find that the trial judge erred by failing to transfer defendant’s substitution motion to another judge, as the statute requires.

The second reason that we disagree with the result below is that this is not a case of a defendant’s dilatory conduct in failing to submit a substitution motion until after the trial court made substantive rulings. Instead, the exact 
basis
 for defendant’s motion arose 
after
 the trial court made substantive rulings in the first trial and before it made substantive rulings in the second trial. It is true that in 
Taylor
 we held that a motion for substitution for cause must be timely. 
Taylor
, 101 Ill. 2d at 518. The appellate court in 
Maxwell
 similarly noted the timeliness requirement. 
Maxwell
, 272 Ill. App. 3d at 60. We will, however, not require defendant to file a substitution motion before the trial court issues a substantive ruling when it would have been impossible. Any other requirement completely circumvents the safeguard to a fair hearing under section 114–5(d).

Our rationale is consistent with 
People v. McWilliams
, 350 Ill. 628 (1932), involving a similar situation under section 114–5’s predecessor, section 25 of the Change of Venue Act (Ill. Rev. Stat. 1931, ch. 146, par. 25). In that case, we had vacated defendant’s sentence and remanded to the same judge for resentencing. 
People v. McWilliams
, 348 Ill. 333 (1932). Defendant then sought substitution, essentially arguing that our reversal prompted the trial court to harbor prejudice toward defendant. The trial court denied defendant’s substitution motion, deeming it untimely. We reversed, noting in part that “[t]he facts upon which the application was based arose largely after the reversal of the circuit court’s first judgment and the remandment of the cause to that court” and that “[t]he application, based upon the facts alleged in the petition, could not have been made at an earlier [time].” 
McWilliams
, 350 Ill. at 633. Therefore, the court concluded that the trial judge should have granted the petition.

While 
McWilliams
 was decided in part under an earlier version of the substitution statute, the point remains that defendant in this case could not have submitted his motion for substitution prior to substantive rulings because the alleged cause 
did not develop
 until after the trial court issued such rulings. As noted previously, this court has long held that a motion for substitution pursuant to section 114–5(d) of the Code must be made at the earliest 
practical
 moment 
after
 any potential prejudice is discovered.
 Taylor
, 101 Ill. 2d at 518. We cannot require a defendant to file a motion for substitution for cause 
prior
 to the alleged bias.

We note that we do not depart from our long-standing rule announced in 
Taylor
 that a motion for substitution must be timely. 
Taylor
, 101 Ill. 2d at 518. This rule remains necessary to prevent defendants “ ‘from first ascertaining the attitude of the trial judge on a hearing relating to some of the issues of the cause, and then, if the court’s judgment is not in harmony with counsel’s theory, to assert the prejudice of the court.’ ” 
Taylor
, 101 Ill. 2d at 518, quoting 
People v. Chambers
, 9 Ill. 2d 83, 89 (1956). The judge in this case expressed no indication, through his rulings or his comments, as to his thoughts on the merits of defendant’s case on remand. Thus, defendant’s motion was not made in response to an adverse ruling on an issue. 
Emerson
, 122 Ill. 2d at 424. There is also no indication in this case that defendant filed his motion as a delay tactic or in an effort to avoid a trial. See 
People v. Stewart
, 20 Ill. 2d 387 (1960). We simply hold that substantive rulings entered in an initial trial do not necessarily bar a motion for substitution for cause under section 114–5(d) on remand. We further hold that a section 114–5(d) substitution for cause motion is not 
per se
 untimely when it is made following a substantive ruling when the alleged cause arises 
after
 the substantive ruling. If defendant had submitted a motion for substitution for cause after the trial court issued a substantive ruling on remand, and after the alleged cause developed, the rule in 
Taylor
 would apply.

Based on our determination on this issue, we need not address defendant’s remaining arguments.

III. CONCLUSION

The trial court erred by deeming defendant’s motion for substitution untimely and by failing to assign it to another judge. We find that a substantive ruling made in an initial trial does not by itself bar a subsequent substitution for cause motion on remand. We further find that a substitution for cause motion is not 
per se
 untimely when a trial court issues substantive rulings and adequate grounds for substitution for cause subsequently arise. We therefore remand this cause to the circuit court for a hearing on defendant’s motion for substitution to be heard by a new trial judge. We retain jurisdiction over this cause and direct that the circuit court report its findings after hearing the defendant’s substitution motion to the clerk of this court within 90 days of the issuance of the mandate in this case.

Jurisdiction retained;

 cause remanded with directions.

JUSTICE GARMAN took no part in the consideration or decision of this case.