**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190778-U

Order filed October 14, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0778 Circuit No. 16-CF-318 |
| | ) | |
| WILLIAM D. WEBB, | ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices O'Brien and Wright concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in denying defendant's motion for substitution of judge.

¶ 2    Defendant, William D. Webb, appeals his convictions for attempted first degree murder, armed robbery, and aggravated discharge of a firearm. He argues that the La Salle County circuit court improperly denied his motion for substitution of judge. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The State charged defendant with attempted first degree murder (720 ILCS 5/8-4(c)(1)(A), 9-1 (West 2016)), armed robbery (*id.* § 18-2(a)(3)), and aggravated discharge of a firearm (*id.* § 24-1.2(a)(3)). The matter proceeded to a bench trial before Judge Cynthia Raccuglia; she found defendant guilty on all counts. The court sentenced defendant to 65 years' imprisonment for attempted first degree murder and a concurrent term of 50 years' imprisonment for armed robbery. A sentence was not entered on the aggravated discharge of a firearm count because it merged into the attempted first degree murder count. Defendant appealed; this court reversed his convictions and remanded for a new trial. *People v. Webb*, 2018 IL App (3d) 170774-U. We held that "[t]he circuit court erroneously considered the defendant's criminal history before pronouncing its findings of guilt ***." *Id.* ¶ 1.

¶ 5    On remand, defendant filed a motion for substitution of judge, stating the appellate court had ruled that the circuit court infringed on his right to due process and undermined the fairness of his trial by seeking information outside of the record. Defendant also set forth that he feared "that he cannot receive a fair trial *** and will be prejudiced by the trial court." At the hearing on the matter, Judge Raccuglia stated that she disagreed with this court. She then stated that the motion was one to substitute due to cause because the motion was too late to request an automatic substitution. Additionally, because the motion was for a substitution based on cause, Judge Raccuglia determined it must be heard by another judge.

¶ 6    Judge Michael Jansz heard the motion. Defendant argued both that substitution should be automatic and that Judge Raccuglia was prejudiced because she had information outside of the record. In support of his arguments, defendant pointed to this court's reversal order and Judge Raccuglia's disagreement with it. Judge Jansz denied the motion for substitution finding that with respect to the request for automatic substitution, it was untimely, and, as to cause, defendant had

2

not sufficiently alleged or shown Judge Raccuglia was prejudiced against him as defined by case law.

¶ 7     The matter proceeded to a jury trial. At trial, defendant did not object to Judge Raccuglia presiding over the matter. The jury found defendant guilty on all counts. Defendant filed a motion for a new trial, arguing that his motion for substitution should have been granted. Judge Jansz heard that part of the motion and denied it. The court, after denying the remainder of the motion, again sentenced defendant to concurrent terms of 65 years' and 50 years' imprisonment. Defendant appeals.

¶ 8                                     II. ANALYSIS

¶ 9     Defendant argues that his motion for substitution was improperly denied. He appears to argue that it was timely filed such that the automatic substitution provision applied and that Judge Raccuglia was actually prejudiced against him.

¶ 10    As an initial matter, defendant sets forth his acknowledgement that he forfeited review of this issue but asks for plain-error review. The first step in applying the plain-error doctrine is to determine if a clear or obvious or plain error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 11    In order to be timely, a motion for automatic substitution of a judge must be filed prior to the judge making a substantive ruling. 725 ILCS 5/114-5(a) (West 2016); *People v. Emerson*, 122 Ill. 2d 411, 424 (1987). "[S]ubstantive rulings in an initial trial effectively bar automatic substitution motions on remand." *People v. Jones*, 197 Ill. 2d 346, 354 (2001).

¶ 12    Here, because defendant filed his motion for substitution on remand after an initial trial, the substantive rulings in his initial trial barred his motion to the extent he sought an automatic

3

substitution under section 114-5(a). Thus, the court did not err in determining the request for automatic substitution was untimely.

¶ 13    Turning to whether substitution was warranted for cause, we look to whether defendant established "actual prejudice." *People v. Patterson*, 192 Ill. 2d 93, 131 (2000). "To meet this burden, the defendant must establish 'animosity, hostility, ill will, or distrust towards this defendant.' " *Id.* (quoting *People v. Vance*, 76 Ill. 2d 171, 181 (1979)). Defendant's allegations, which center on this court's determination that Judge Raccuglia improperly considered information in defendant's initial trial and Judge Raccuglia's disagreement with that determination, do not meet that burden. Therefore, the circuit court did not err in denying the motion for substitution on the basis that defendant failed to establish prejudice.

¶ 14                                    III. CONCLUSION

¶ 15    For the foregoing reasons, we affirm the judgment of the circuit court of La Salle County.

¶ 16    Affirmed.