**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250097-U

Order filed March 17, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0097 Circuit No. 23-CF-389 |
| DEZZAN D. PHILLIPS, | ) ) ) | Honorable Michael C. Jansz, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BERTANI delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The circuit court did not err when it denied defendant's motions for substitution of judge instead of transferring them to another judge as the motions failed to allege sufficient grounds that would justify a substitution for cause.

¶ 2     Following a jury trial, defendant, Dezzan D. Phillips, filed two motions for substitution of judge for cause. The La Salle County circuit court denied the motions and sentenced defendant. Defendant appeals, contending the judge named in the motions was required to transfer the motions to be heard before another judge. We affirm.

I. BACKGROUND

¶ 4        On October 20, 2023, the State charged defendant with robbery (720 ILCS 5/18-1(a) (West 2022)) and domestic battery (*id.* § 12-3.2(a)(2)). The court appointed the public defender to represent defendant. On January 22, 2024, the matter proceeded to a jury trial before Judge Cynthia Raccuglia. The evidence demonstrated defendant obtained a key from a motel employee to a room occupied by his former girlfriend, entered the room with the key, confronted her, and punched her in the face. She moved to get off the bed with her cell phone. Defendant grabbed the cell phone and said she was not going to call anyone and no one was going to help her. She tried to escape, and defendant threw her to the floor. She began screaming and defendant left the room. The jury found defendant guilty of both counts.

¶ 5        On January 30, 2024, defendant filed a *pro se* motion for a mistrial, claiming counsel rendered ineffective assistance due to a conflict of interest. In sum, defendant's claim of ineffective assistance stemmed from counsel's performance in another case and defendant wanted an evidentiary hearing. The court stated it was irrelevant in this case and continued the matter for defendant to provide sufficient facts to support his claim.

¶ 6        On February 15, 2024, the court held a hearing. Defendant filed another *pro se* motion for a mistrial based on counsel's conflict of interest. During the hearing, the court asked defendant to identify the conflict. Defendant stated the conflict was "overall." The court asked counsel if he knew of the purported conflict, to which counsel stated he was unaware and had represented defendant on several prior occasions that had no effect on his performance in this case. After further discussion, defendant stated counsel's representation always resulted in a conviction. The court concluded defendant failed to present a *prima facia* case of ineffective assistance. The court stated it gave defendant numerous attempts to explain the purported conflict, and he failed to

provide any basis. Defendant informed the court that he had filed a complaint with the Judicial Inquiry Board (JIB). The court responded, "That's fine. That's not going to affect anything we do here. You can do all that. That's okay." Defendant asked the court to recuse itself, and the court explained that defendant had to file a motion and explain the reasons why the court was prejudiced.

¶ 7         On February 22, 2024, defendant filed a *pro se* motion for substitution of judge with an attached affidavit. Defendant claimed (1) he filed a complaint against Judge Raccuglia with the JIB, (2) Judge Raccuglia undermined the fairness of the trial by seeking information outside of the record, and (3) Judge Raccuglia's bias resulted in her applying an incorrect legal standard when ruling on his claim of ineffective assistance.

¶ 8         On March 13, 2024, the court held a hearing. Defendant reiterated his claim of ineffective assistance of counsel. Defendant stated there was a conflict because counsel represented him on three previous occasions and each resulted in a prison sentence. The court denied the claim, explaining unsatisfactory outcomes did not demonstrate counsel had a conflict of interest. As to defendant's motion for substitution of judge, counsel informed the court that he was not going to adopt any of defendant's *pro se* filings. The court denied the motion to substitute on that basis.

¶ 9         On April 25, 2024, defendant filed a letter stating that counsel had a conflict of interest because he had previously represented defendant's mother and failed to inform the court. The court held a hearing and stated there was no apparent conflict with counsel having previously represented defendant's mother. Defendant stated he no longer wanted counsel to represent him and requested to proceed *pro se*. The court allowed the request but made clear the decision was not a finding that counsel had a conflict or that he rendered ineffective assistance.

¶ 10        On May 29, 2024, defendant filed a *pro se* motion for a change of venue and substitution of judge. Defendant claimed Judge Raccuglia was prejudiced, and he did not receive a fair trial.

3

Defendant included an affidavit stating he was prejudiced by all the judges in the Thirteenth Judicial Circuit and asked for a change of venue. The next day, the court held a hearing on the motion. Defendant stated the judges in the circuit were biased against him because of his criminal history. The court denied the motion on the basis that defendant had not alleged specific conduct demonstrating prejudice. Defendant mentioned the court had ruled against his claim of ineffective assistance. The court explained that an unfavorable ruling was insufficient and defendant could refile his motion providing specific allegations of prejudice.

¶ 11   On June 25, 2024, defendant filed another motion for substitution of judge, claiming Judge Raccuglia was biased against him because he named her in a civil suit. The matter proceeded to a hearing, and the court denied the motion.

¶ 12   On July 16, 2024, defendant filed a motion for a new trial. Among other things, defendant claimed the court erred in ruling on his motion for substitution of judge as the judge who answered was the judge named in the motion. The court denied the motion for a new trial.

¶ 13   On August 29, 2024, the court held a sentencing hearing and sentenced defendant to concurrent terms of 14 years' imprisonment for robbery and 6 years' imprisonment for domestic battery. Defendant filed a motion to reconsider the sentence and reiterated his issue pertaining to his motions to substitute judge. The motion was heard by Judge Michael Jansz due to Judge Raccuglia's retirement. Following a hearing, the court denied the motion. Defendant appeals.

¶ 14                                II. ANALYSIS

¶ 15   On appeal, defendant argues he filed two motions for substitution of judge that met the statutory requirements under section 114-5(d) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-5(d) (West 2024)), which required a hearing by another judge. A court's

compliance with a statute presents a question of law, which we review *de novo*. *People v. Barber*, 381 Ill. App. 3d 558, 559 (2008).

¶ 16    Section 114-5(d) of the Code states, in relevant part, as follows:

> "[T]he State or any defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion a hearing shall be conducted as soon as possible after its filing by a judge not named in the motion; provided, however, that the judge named in the motion need not testify, but may submit an affidavit if the judge wishes." 725 ILCS 5/114-5(d) (West 2024).

¶ 17    "The case law requires the party requesting substitution for cause to first meet initial threshold requirements by alleging sufficient grounds, if taken as true, that would justify granting a substitution for cause." *People v. Klein*, 2015 IL App (3d) 130052, ¶ 85. The allegations must be specific and not conclusory in nature. *People v. Jones*, 197 Ill. 2d 346, 355 (2001). Actual prejudice must be established, which is shown by demonstrating "animosity, hostility, ill will, or distrust towards this defendant." (Internal quotation marks omitted.) *People v. Patterson*, 192 Ill. 2d 93, 131 (2000). The trial judge named in a motion for substitution for cause may make the initial determination as to whether the motion should be referred to another judge for consideration on the merits. *In re Estate of Wilson*, 238 Ill. 2d 519, 553 (2010).

¶ 18    Defendant first argues his February 22, 2024, motion for substitution of judge warranted a hearing by another judge. In the motion and accompanying affidavit, defendant claimed (1) he filed a complaint against Judge Raccuglia with the JIB, (2) Judge Raccuglia undermined the fairness of the trial by seeking information outside of the record, and (3) Judge Raccuglia's bias caused her to apply an incorrect legal standard when ruling on his claim of ineffective assistance of counsel. Judge Raccuglia denied the motion on the basis that defendant was represented by

5

counsel who declined to adopt the *pro se* motion. We need not decide whether the court's reasoning for denying the motion was proper as we may affirm for any basis in the record. *People ex rel. Alvarez v. $59,914 United States Currency*, 2022 IL 126927, ¶ 24.

¶ 19     We conclude the court properly denied the February 22, 2024, motion because it failed to allege sufficient grounds that would justify a substitution for cause. First, defendant's basis that he filed a complaint against Judge Raccuglia with the JIB is insufficient alone as defendant was directly responsible for creating the alleged prejudice. See *People v. Smeathers*, 297 Ill. App. 3d 711, 716 (1998). Further, the allegation was conclusory as it failed to give any specific information about the complaint or how it may have provided cause for substitution beyond its face. Further, when defendant mentioned the JIB complaint to Judge Raccuglia during a hearing on February 15, 2024, she stated, "That's fine. That's not going to affect anything we do here. You can do all that. That's okay."

¶ 20     As to defendant's claim that Judge Raccuglia undermined the fairness of the trial by seeking information outside of the record, this is also a conclusory statement and defendant failed to specify what information Judge Raccuglia allegedly obtained outside of the record. Last, defendant claimed Judge Raccuglia applied an incorrect legal standard when ruling on his claim of ineffective assistance. However, a motion for substitution in response to an adverse ruling is not reason to grant the motion for cause. See *Patterson*, 192 Ill. 2d at 131 (stating a judge's denial of a motion and statement that it was baseless were not reasons to grant a motion for substitution for cause); *People v. Vance*, 76 Ill. 2d 171, 178 (1979) (holding a ruling against the defendant is not a basis for finding judicial prejudice). Bias or prejudice typically stems from an extrajudicial source and a judge's previous ruling almost never constitutes a valid basis for a claim of judicial bias. *Wilson*, 238 Ill. 2d at 554. Moreover, our review of the record failed to demonstrate any error in

6

the proceedings in the disposition of defendant's claim of ineffective assistance. Thus, the motion failed to meet the initial threshold requirements that would justify granting a substitution for cause.

¶ 21      Next, defendant argues his June 25, 2024, motion for substitution of judge warranted a hearing by another judge. We again conclude the court properly denied the motion. In this motion, defendant claimed Judge Raccuglia was biased against him because he brought a civil complaint against her. He failed to elaborate any further. Not only is this statement conclusory but it is another instance where defendant's own action directly caused the alleged prejudice and, without more, failed to demonstrate cause for substitution. See *People v. Patterson*, 2023 IL App (4th) 230113-U, ¶ 45 (stating it is not uncommon for judges to be sued by disgruntled criminal defendants, and if this were enough to disqualify a judge, all criminal defendants would have to do to obtain a substitution of judge is sue the judge). As such, this motion also failed to meet the initial threshold requirements that would justify granting a substitution for cause.

¶ 22      As we have concluded defendant's motions for substitution failed to allege sufficient grounds, the court did not err when it denied the motions instead of transferring them to be heard before another judge. Further, we note that the court provided defendant with several explanations and opportunities to properly raise his *pro se* claims. However, defendant repeatedly disregarded instructions and failed to provide a sufficient basis to support his motions.

¶ 23                        III. CONCLUSION

¶ 24      The judgment of the circuit court of La Salle County is affirmed.

¶ 25      Affirmed.